284 N.J. Super. 413 (1995)
665 A.2d 769
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
KEVIN GRAHAM, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 11, 1995.
Decided October 6, 1995.
*414 Before Judges PETRELLA, SKILLMAN and PAUL G. LEVY.
John Kaye, Monmouth County Prosecutor, attorney for appellant (Mark P. Stalford, Assistant Prosecutor, of counsel and on the brief).
Susan L. Reisner, Public Defender, attorney for respondent (M. Virginia Barta, Assistant Deputy Public Defender, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
This appeal from the dismissal of an indictment based on insufficiency of evidence requires us to decide what conduct may constitute "absconding from parole" by "go[ing] into hiding," in violation of N.J.S.A. 2C:29-5(b).
The Legislature amended the Code of Criminal Justice in 1991 by creating a new offense, entitled "absconding from parole." L. 1991, c. 34, § 1. The section defining this offense provides in pertinent part:
A person subject to parole commits a crime of the third degree if the person goes into hiding or leaves the State with a purpose of avoiding supervision.... Abandoning *415 a place of residence without the prior permission of or notice to the appropriate supervising authority shall constitute prima facie evidence that the person intended to avoid such supervision.
[N.J.S.A. 2C:29-5(b).]
Thus, the offense of absconding from parole consists of two elements: (1) the act of "go[ing] into hiding or leav[ing] the State," and (2) the intent of "avoiding [parole] supervision." (Emphasis added.) The "[a]bandoning [of] a place of residence" without prior permission or notice provides "prima facie evidence" of only the second element of this offense.
The only witness who testified before the grand jury that indicted defendant was his parole officer, who testified that defendant left the residential drug rehabilitation facility to which he had been paroled and "went missing" on October 30, 1993. The parole officer became aware of defendant's absence from this facility on November 18, 1993, and spoke to him by telephone on November 30, and December 30, 1993. The officer directed defendant to "turn himself in," but defendant failed to do so. The officer also testified that while defendant could not be found at his normal residence, law enforcement officers located him on the streets of Asbury Park on four different occasions between December 6, 1993 and April 14, 1994. Defendant eluded apprehension each time.
The trial court granted defendant's motion to dismiss the indictment, concluding that the testimony presented to the grand jury did not establish a "prima facie case" of a violation of N.J.S.A. 2C:29-5(b):
I am not convinced defendant went into hiding. He was seen on the streets and ran.
We conclude that the State presented prima facie evidence to the grand jury that defendant absconded from parole by "go[ing] into hiding" and therefore reverse the dismissal of the indictment.[1]
*416 N.J.S.A. 2C:29-5(b) does not contain any definition of "absconding" or "hiding." However, both terms have well established meanings in common usage. Webster's International Dictionary defines "abscond" as "withdraw, flee; ... to depart secretly: withdraw and hide oneself; ... to evade the legal process of a court by hiding within or secretly leaving its jurisdiction." Webster's Third New International Dictionary 6 (1981). The dictionary definition of "hiding" is similar. Webster's indicates that the most common definition of "hiding" is "the act or action of hiding; esp[ecially]: a withdrawal from one's usual haunts to evade authority or secure privacy." Webster's Third New International Dictionary at 1066.
Applying these definitions to the interpretation of N.J.S.A. 2C:29-5(b), we conclude that the abandonment of an approved residence without permission or notice would not by itself constitute "go[ing] into hiding." For example, if a parolee left a drug treatment facility and returned to a permanent residence known to parole officials, that act could not reasonably be described as "a withdrawal from one's usual haunts to evade authority." To the contrary, such a parolee could be said to have returned to his "usual haunts." Thus, even though the abandonment of an approved residence would be a violation of a condition of parole that could justify a revocation of that parole, it would not constitute the predicate act required to convict a parolee of absconding. Instead, the State would have to show that after leaving an approved residence, the parolee somehow attempted to avoid parole supervision or apprehension, such as by residing at a location that was unknown to parole officials and failing to communicate with them.
Under this interpretation of N.J.S.A. 2C:29-5(b), we are satisfied that the State presented sufficient evidence to support defendant's indictment for absconding from parole. "An indictment should not be dismissed unless its insufficiency is palpable." State v. La Fera, 35 N.J. 75, 81, 171 A.2d 311 (1961). Consequently, "[i]n determining the sufficiency of the evidence to sustain the indictment, every reasonable inference is to be given to the State." *417 State v. New Jersey Trade Waste Ass'n, 96 N.J. 8, 27, 472 A.2d 1050 (1984). "[T]he evidence need not be sufficient to sustain a conviction, but merely sufficient to determine that there is prima facie evidence to establish that a crime has been committed." Ibid. Therefore, a defendant who challenges an indictment must "demonstrate that evidence is clearly lacking to support the charge." State v. McCrary, 97 N.J. 132, 142, 478 A.2d 339 (1984).
Defendant failed to carry this heavy burden. The State presented evidence to the grand jury that defendant not only left the drug rehabilitation program to which he had been paroled but also deliberately evaded parole officials for the next six months. This evasion took the form of defendant failing on two occasions to comply with the parole officer's demands that he "turn himself in" and fleeing on four occasions from parole officers and/or other law enforcement officials when they encountered him on the streets of Asbury Park. Such conduct provided a more than adequate foundation for the grand jury to infer that defendant concealed himself for a substantial period of time in order to evade parole supervision.
Defendant argues that since the parole officer testified that he spoke with defendant by telephone on two occasions, he was "accessible by phone ... presumably at his home." However, the parole officer did not indicate whether he or defendant initiated those telephone conversations. Moreover, the last such conversation occurred on December 30, 1993, more than three months before defendant was eventually apprehended. Consequently, neither the telephone conversations nor the law enforcement officers' encounters with defendant on the streets of Asbury Park establish that defendant's whereabouts were known to parole officials during the six month period following the abandonment of his approved residence. In any event, to the extent that the evidence presented to the grand jury may have been susceptible to varying inferences, "every reasonable inference is to be given to the State." State v. New Jersey Trade Waste Ass'n, supra, 96 N.J. at 27, 472 A.2d 1050. Therefore, the State presented a *418 prima facie case to the grand jury that defendant committed the offense of absconding from parole.
Accordingly, the order dismissing the indictment is reversed and the matter is remanded for trial.
NOTES
[1] Defendant acknowledges that the State presented sufficient evidence of his intent to avoid parole supervision by establishing the abandonment of his approved residence.