**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4715-18T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

RAMAR HARRIS,

     Defendant-Respondent.

_____

Argued October 30, 2019 – Decided December 24, 2019

Before Judges Koblitz, Whipple, and Mawla.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-12-4076.

Emily M.M. Pirro, Special Deputy Attorney General/ Acting Assistant Prosecutor, argued the cause for appellant (Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney; Emily M.M. Pirro, of counsel and on the brief).

Scott Michael Welfel, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Alexandra Briggs,

Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

On leave granted, the State appeals from an order dismissing two charges of an indictment. We affirm.

On October 1, 2018, E. B.,[1] the victim, was returning home after dropping her niece off at school when defendant approached her from the front. He grabbed her shoulders and pushed her approximately ten feet away from the sidewalk to behind a three-foot-tall by six-foot-wide wall abutting the sidewalk, just in front of the staircase of an abandoned building.

Defendant shoved the victim to the ground and while leaning over her, restrained her hands and punched her twice in the face. He asked her for money, but she told him she only had a small purse containing a cell phone and keys. Throughout the encounter she continually struggled to free herself using her feet.

Defendant then told the victim to "put the zipper down," which led her to believe he was about to rape her, though she testified defendant never touched her in any sexual way during this encounter. She was then able to free one hand

---

[1] We use initials here to protect the victim's identity.

A-4715-18T4

to show defendant her purse, which he took and removed her cell phone. Defendant continued to restrain her by holding down her other hand while reaching into his pocket to retrieve dog repellant pepper spray, which he then attempted to spray in her eyes. She used her free hand to shield her eyes and was then able to push defendant off her, stand up, and run away. Defendant started to chase her, but when the victim turned around halfway down the street, she saw defendant had stopped to try to turn on her cell phone. Realizing he was distracted, she ran back towards defendant and snatched her phone out of his hands before running away again. As she ran, she took a photo of defendant on her phone.

The victim then ran to a police car she passed earlier when walking her niece to school. She approached the vehicle, occupied by Officer Luis Santiago, and banged on the window. She told him she was robbed and showed him the photo she took of defendant.

Officer Santiago told the victim to get in the back of his patrol car, where she then directed him approximately one block away to the area of the assault. When they spotted defendant, they followed him in the patrol car and called for backup. Defendant entered a methadone clinic, the backup arrived, and officers brought defendant outside. The victim confirmed defendant was her assailant,

he was taken into custody, and officers found the dog repellant pepper spray in defendant's possession.

Defendant was indicted for: count one, second-degree robbery, N.J.S.A. 2C:15-1; count two, fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); count three, third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); count four, first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); and count five, third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2). Defendant was also indicted on three counts of second-degree attempted aggravated sexual assault during the commission of the crimes of: count six, robbery; count seven, aggravated assault; and count eight, kidnapping, under N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(a)(3).

Defendant moved to dismiss count four, the kidnapping charge, and count five, the third-degree aggravated assault charge, as well as counts six through eight, the three counts of attempted aggravated sexual assault during the commission of the three other alleged crimes. Following a review of the parties' briefs and a photograph of the scene and the wall, the motion judge dismissed count four, the kidnapping charge, as well as count eight, the charge of attempted aggravated sexual assault during a kidnapping, finding the State did not make a prima facie showing that defendant removed the victim a substantial distance

4

from where he found her or confined her for a substantial period of time.[2] The motion judge found that since the State alleged defendant moved the victim only a short distance, and because the confinement did not outlast the other alleged crimes, "if the kidnapping charge is to stand, it must be on the basis that the removal and confinement exposed [the victim] to some greater risk of harm." The motion judge found the size of the wall would hide the victim and defendant from public view from some angles, but that from others they would be partially visible, and the wall would "not have served to muffle any sounds coming from the struggle." The motion judge found that any conceivable additional risk imposed by the victim's removal from the sidewalk to behind the three-foot-tall wall was "trivial under the circumstances."

We granted the State's motion for leave to appeal. On appeal the State argues;

> POINT I
>
> THE STATE PRESENTED A PRIMA FACIE CASE OF KIDNAPPING TO THE GRAND JURY, AND THUS, THE DEFENDANT'S MOTION SHOULD HAVE BEEN DENIED AS TO COUNTS [FOUR] AND [EIGHT].

---

[2] The motion judge also dismissed other charges, but the dismissal of those counts are not raised in this appeal.

A-4715-18T4

When we review a decision to dismiss an indictment we first "determine whether the trial court applied the correct standard." State v. Paige, 256 N.J. Super. 362, 369 (App. Div. 1992) (citing State v. Abbatti, 99 N.J. 418, 436 (1985)). "Presupposing that . . . threshold is met, the trial court's decision is entitled to deference for the obvious reasons that the trial court saw the witnesses and heard the testimony. The decision should be reversed on appeal only when it clearly appears that the exercise of discretion was mistaken." Abbatti, 99 N.J. at 436. See also State v. Saavedra, 222 N.J. 39, 55 (2015) ("The trial court's decision denying defendant's motion to dismiss her indictment is reviewed for abuse of discretion."). "A trial court's exercise of this discretionary power will not be disturbed on appeal 'unless it has been clearly abused.'" Saavedra, 222 N.J. at 55-56 (quoting State v. Warmbrun, 277 N.J. Super. 51, 60 (App. Div. 1994)). We review questions of law from the dismissal of an indictment de novo. See State v. Lee, 417 N.J. Super. 219, 220 (App. Div. 2010).

The trial court may dismiss an indictment "only on the 'clearest and plainest ground,'" and "'only when the indictment is manifestly deficient or palpably defective.'" State v. Hogan, 336 N.J. Super. 319, 339 (App. Div. 2001) (internal citations omitted). The burden is on the defendant to show the evidence to support the indictment is lacking. State v. McCrary, 97 N.J. 132, 142 (1984).

6

The State must present a prima facie case that the accused has committed a crime. State v. Hogan, 144 N.J. 216, 236 (1996). Generally, "[the State] enjoys broad discretion in presenting a matter to the grand jury[.]" State v. Smith, 269 N.J. Super. 86, 92 (App. Div. 1993). The State need not present evidence sufficient to sustain a conviction, but rather "merely sufficient to determine that there is a prima facie evidence to establish that a crime has been committed" by defendant. State v. N.J. Trade Waste Ass'n, 96 N.J. 8, 27 (1984); see also State v. Graham, 284 N.J. Super. 413, 417 (App. Div. 1995). "Some evidence" as to each element is sufficient to meet this threshold. State v. Morrison, 188 N.J. 2, 12 (2006). See also State v. Schenkolewski, 301 N.J. Super. 115, 137 (App. Div. 1997); State v. Vasky, 218 N.J. Super. 487, 491 (App. Div. 1987). Further, evaluation of an indictment's sufficiency requires "viewing the evidence and the rational inferences drawn from that evidence, in the light most favorable to the State," and determining whether "a grand jury could reasonably believe that a crime occurred and that the defendant committed it." Morrison, 188 N.J. at 13.

Here, the indictment charged defendant under N.J.S.A. 2C:13-1(b)(1), which states in pertinent part, "[a] person is guilty of kidnapping if he unlawfully removes another . . . a substantial distance from the vicinity where he is found,

or if he unlawfully confines another for a substantial period . . . [t]o facilitate commission of any crime or flight thereafter[.]"

The indictment also charged defendant under N.J.S.A. 2C:5-1(a), which defines the elements of criminal attempt to include:

> (1) Purposely engages in conduct which would constitute the crime if the attendant circumstances were as a reasonable person would believe them to be;
>
> (2) When causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing such result without further conduct on his part; or
>
> (3) Purposely does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

The indictment also charged N.J.S.A. 2C:14-2(a)(3) which states "[a]n actor is guilty of aggravated sexual assault if he commits an act of sexual penetration with another person [if] . . . [t]he act is committed during the commission, or attempted commission, whether alone or with one or more other persons, of . . . kidnapping . . . ."

We first address the elements of kidnapping. Substantial distance for purposes of N.J.S.A. 2C:13-1(b) is something "more than merely incidental to the underlying crime." State v. Masino, 94 N.J. 436, 447 (1983). However, the

8

Masino Court declined to "fix a linear distance" requirement to define substantial distance. Id. at 446. Instead, the analysis requires an examination of "the enhanced risk of harm resulting from the asportation and isolation of the victim. That enhanced risk must not be trivial." Id. at 447. Kidnapping in this context includes isolation of a victim "beyond the reach of law and effective aid of his associates." State v. La France, 117 N.J. 583, 593 (1990) (quoting Masino, 94 N.J. at 441). The isolation need not be a far distance so long as the removal exposes the victim to increased harm. See State v. Purnell, 394 N.J. Super. 28, 34, 53-54 (App. Div. 2007) (holding removal of the victim from a third-floor stairwell landing surrounded by apartments to a fourth-floor landing with no apartments and only a locked door to the roof constituted a substantial distance in that it exposed the victim to an increased risk of harm); State v. Matarama, 306 N.J. Super. 6,12, 22 (App. Div. 1997) (finding kidnapping where the assailants dragged the victim "twenty-three feet to the end of her apartment building to a small alley" because "the victim [] was taken to a more secluded place where the assailants could more easily attack her without being seen.").

Here, the motion judge found the State did not establish the requisite prima facie case with respect to charges of kidnapping. Having considered the grand jury testimony of the victim and Officer Santiago, as well as the photo of

the wall which was submitted as an exhibit, the motion judge rejected the State's argument. The judge found that while the wall could have hidden the victim and defendant from view from certain angles, at other angles they would have been partially visible, and the wall would not have muffled any sounds coming from the struggle. The judge concluded while there was some conceivable risk imposed by the victim's removal from the sidewalk and confinement behind the three-foot-tall wall, that risk was trivial under the circumstances. We discern no abuse of the court's discretion.

Because the motion judge concluded a prima facie case of kidnapping had not been presented, he concluded the additional count of kidnapping to facilitate the sexual assault was also subject to dismissal under N.J.S.A. 2C:14-2(a)(3) and dismissed the count. However, we note the motion judge did not consider the other charges without merit. Rather, the motion judge denied defendant's motion to dismiss charges of second-degree attempted aggravated sexual assault, N.J.S.A. 2C:5-1 and 2C:14-2(a)(3), because the evidence presented to the grand jury was strongly corroborative of defendant's purpose to sexually assault the victim.

Viewing the evidence presented to the grand jury in the light most favorable to the State and drawing all reasonable inferences therefrom, we

discern no abuse of the motion judge's discretion in the determination the State did not establish a prima facie case for all elements of kidnapping and all elements of attempted sexual assault during the course of kidnapping.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4715-18T4