**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2573-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VAUGHN L. SIMMONS, a/k/a
JONES,  and MICHAEL SIMMON,

    Defendant-Appellant.

_____

               Submitted May 19, 2020 – Decided June 25, 2020

               Before Judges Yannotti and Hoffman.

               On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 10-08-1893 and 10-10-2395.

               Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

               Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from orders entered by the Law Division on March 2, 2017, and August 18, 2017, which denied his petition for post-conviction relief (PCR). He also appeals from an order entered on November 28, 2017, which denied his motion for reconsideration. We affirm.

I.

In 2010, defendant was charged in Indictment No. 10-08-1893 with second-degree robbery of a Dunkin' Donuts shop, N.J.S.A. 2C:15-1, and in Indictment No. 10-10-2395, with second-degree robbery of a McDonald's restaurant, N.J.S.A. 2C:15-1. On November 13, 2012, defendant pled guilty to the charges in both indictments.

In exchange for defendant's plea, the State agreed to recommend a ten-year prison sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also agreed to recommend that the sentence run concurrent with a thirty-year sentence defendant was serving at the time, and the dismissal of various counts of two other Essex County indictments.

On February 1, 2013, the judge sentenced defendant to an aggregate term of ten years on both indictments, subject to NERA, to run concurrently with

defendant's current sentence. The judge also imposed various fines and penalties. On February 12, 2003, the judge entered amended judgments of conviction to clarify the award of jail and gap-time credits. Defendant did not appeal from the judgments.

In November 2015, defendant filed a pro se petition for PCR. Defendant alleged he was denied the effective assistance of counsel because his attorney: gave him erroneous legal advice regarding the maximum sentence that could be imposed; did not move to dismiss Indictment No. 10-08-1893; failed to interview certain witnesses; did not argue the sentence was excessive; and failed to investigate the guilty plea. Defendant also alleged the trial court had erred in its award of jail credits.

The PCR judge heard oral argument and on August 18, 2016, issued a written opinion. The judge found an evidentiary hearing was required on defendant's claims that his attorney was ineffective because she gave him erroneous legal advice regarding his sentencing exposure and failed to file a motion to dismiss the indictment based on insufficient evidence. The judge found the other claims lacked merit or were barred by Rule 3:22-4(a).

The judge conducted an evidentiary hearing and on March 2, 2017, filed a written opinion and order denying PCR. Thereafter, defendant filed a motion

3

for reconsideration of the March 2, 2017 order.  On November 28, 2017, the judge filed a written opinion and order denying reconsideration.  This appeal followed.

Defendant's appellate counsel has filed a brief and argues:

> POINT ONE
> [DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY MISADVISING HIM ABOUT HIS SENTENCING EXPOSURE SUCH THAT HE PLED GUILTY WHEN HE OTHERWISE WOULD HAVE GONE TO TRIAL AND BY FAILING TO FILE A MOTION TO DISMISS INDICTMENT NO. 10-08-1893.
>
> POINT TWO
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO INVESTIGATE.
>
> POINT THREE
> THE MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT'S] MOTION TO WITHDRAW HIS PLEA PURSUANT TO STATE v. SLATER, 198 N.J. 145 (2009).

Defendant has filed a pro se supplemental brief in which he argues:

> POINT I
> THE [PCR] COURT ERRED IN DENYING [DEFENDANT] A NEW TRIAL BECAUSE IN THE PCR COURT[']S OPINION THE FACTUAL BASIS

4

FOR A GUILTY PLEA WAS NOT GIVEN OF [DEFENDANT'S] OWN INDEPENDENT RECOLLECTION.

POINT II
BECAUSE OF TRIAL COUNSEL'S MISLEADING ADVICE[, DEFENDANT] WAS DENIED HIS CONSTITUTIONAL RIGHT TO A TRIAL.

POINT III
THE PCR COURT ERRED IN NOT GRANTING [DEFENDANT] A NEW TRIAL WHEN TRIAL COUNSEL CROSSED OUT TWENTY YEARS AND WROTE LIFE AS THE MAXIMUM SENTENCE FOR A THEFT OR A SECOND DEGREE ROBBERY TO GET [DEFENDANT] TO PLEAD GUILTY.

POINT IV
THE PCR COURT FAILED TO REMAIN IMPARTIAL AND ORDER AN EVIDENTIARY HEARING WHEN THE ELEMENT OF FORCE FOR A ROBBERY CONVICTION WAS ABSENT FROM THE VIDEO.

POINT V
TRIAL COUNSEL WAS NOT FUNCTIONING AS COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION WHEN SHE FAILED TO FILE A MOTION TO DISMISS.

POINT VI
THE PCR COURT ERRED IN FINDING TRIAL COUNSEL CREDIBLE AND THE COURT[']S RATIONALE DENYING [PCR] WAS ARBITRARY, WHIMSICAL AND CAPRICIOUS.

A-2573-17T1

II.

We first consider defendant's contention that the PCR court erred by finding he was not denied the effective assistance of counsel. Defendant contends his attorney provided erroneous advice concerning his sentencing exposure, failed to file a motion to dismiss the charge in Indictment No. 10-08-1893, and did not investigate certain witnesses who would have supported the defense.

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. Strickland, 466 U.S. at 687.

To satisfy the first prong of the Strickland test, a defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. A deficient performance means that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

A-2573-17T1

To establish the second prong of the Strickland test, the defendant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Strickland standard applies to claims of ineffective assistance of counsel associated with a guilty plea. State v. Gaitan, 209 N.J. 339, 350-51 (2012) (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985)). To establish the prejudice prong under Strickland in the context of a plea, a defendant must establish that "there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." Id. at 351 (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

We note that, on appeal, we must defer to the PCR court's findings of fact if those findings are supported by sufficient credible evidence in the record. State v. Nash, 212 N.J. 518, 540 (2013) (citations omitted). Our deference to the trial judge's findings is especially appropriate when "substantially influenced by [the judge's] opportunity to hear and see the witnesses . . . ." State v. Elders, 192 N.J. 224, 244 (2007) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)).

7

We need not, however, defer to the trial court's legal conclusions, which we review de novo.  Nash, 212 N.J. at 540-41 (citing State v. Harris, 181 N.J. 391, 415-16 (2004)).

A.  Advice Regarding Sentencing Exposure.

Defendant claims his attorney advised him that if he went to trial and was convicted, he would be sentenced to life imprisonment pursuant to the "Three Strikes Law," which states:

> A person convicted of a crime under any of the following: [N.J.S.A.] 2C:11-3; subsection a. of [N.J.S.A.] 2C:11-4; a crime of the first degree under [N.J.S.A.] 2C:13-1, paragraphs (3) through (6) of subsection a. of [N.J.S.A.] 2C:14-2; [N.J.S.A.] 2C:15-1; or section 1 of P.L. 1993, c. 221 (C. 2C:15-2), who has been convicted of two or more crimes that were committed on prior and separate occasions, regardless of the dates of the convictions, under any of the foregoing sections or under any similar statute of the United States, this State, or any other state for a crime that is substantially equivalent to a crime under any of the foregoing sections, shall be sentenced to a term of life imprisonment by the court, with no eligibility for parole.
>
> [N.J.S.A. 2C:43-7.1(a).]

Defendant contends counsel's advice was incorrect because no force was involved and he could only be convicted of theft, which is a third-degree offense. He therefore argues he would not be subject to sentencing under the "Three

Strikes Law."  He claims he chose to plead guilty because he believed he faced a life sentence if he went to trial and were found guilty.

The PCR judge determined that in July 2012, defendant's attorney advised defendant that if convicted, he would be subject to the "Three Strikes Law" and sentenced to a term of life imprisonment with a sixty-three-year period of parole ineligibility.  The judge found counsel's initial advice was incorrect; however, defendant decided at that time to reject the State's plea offer and proceed to trial. The judge found defendant was not prejudiced by counsel's erroneous advice.

The judge further found defendant's attorney corrected her initial erroneous advice and on November 13, 2012, "advised [defendant] that the maximum sentence was twenty years."  The plea form stated defendant's maximum sentencing exposure for the two robbery charges was twenty years. Defendant initialed and signed the plea agreement.  His attorney testified at the evidentiary hearing that she reviewed the plea form with defendant.

Moreover, when defendant entered the plea, the judge advised him that the maximum sentence was twenty years.  Defendant informed the judge he understood.  In addition, on February 1, 2013, when defendant was sentenced, defendant stated "that he understood the maximum sentence was twenty years."

The judge found that "[t]he only evidence that [defendant] was not advised of the correct maximum sentence [wa]s his own testimony" and defendant's assertion was not credible. The judge concluded that defendant failed to show that he pled guilty as a result of incorrect legal advice by his attorney regarding his maximum sentencing exposure.

We are convinced there is sufficient evidence in the record to support the PCR judge's findings of fact and his conclusion that defendant was not denied the effective assistance of counsel with regard to his plea. The record supports the judge's finding that when defendant entered his plea to two counts of second-degree robbery, he was informed and understood that if convicted on both counts, the maximum sentence that could be imposed was twenty years.

B. <u>Motion to Dismiss Indictment.</u>

Defendant claims he was denied the effective assistance of counsel because his attorney failed to file a motion to dismiss Indictment No. 10-08-01893, in which he was charged under N.J.S.A. 2C:15-1(a) with second-degree robbery of the Dunkin' Donuts shop. On appeal, defendant argues the PCR court erred by finding this claim lacked merit.

When a defendant seeks dismissal of an indictment on the ground that the State failed to present sufficient evidence before the grand jury, the defendant

10

has a "heavy" burden "to demonstrate that evidence is clearly lacking to support the charge." State v. Graham, 284 N.J. Super. 413, 417 (App. Div. 1995) (quoting State v. McCrary, 97 N.J. 132, 142 (1984)).  The indictment will not be set aside if there is some evidence establishing each element of the charged offense.  State v. Morrison, 188 N.J. 2, 12 (2006).

A defendant may be found guilty of second-degree robbery under N.J.S.A. 2C:15-1(a) if the State proves beyond a reasonable doubt that the defendant: 1) "was in the course of committing a theft"; and 2) "while in the course of committing that theft [he] . . . knowingly inflicted bodily injury or used force upon another . . . ."  Model Jury Charges (Criminal), "Robbery in the Second Degree (N.J.S.A. 2C:15-1)" (rev. July 2, 2009) (emphasis added).  Our Supreme Court has explained that:

> a simple snatching or sudden taking of property from the person of another does not of itself involve sufficient force to constitute robbery, though the act may be robbery where a struggle ensues, the victim is injured in the taking, or the property is so attached to the victim's person or clothing as to create resistance to the taking.
>
> [State v. Stein, 124 N.J. 209, 213-14 (1991) (quoting People v. Patton, 76 Ill. 2d 45, 49 (1979)).]

Furthermore, "[i]t will be a theft, therefore, and not a robbery, when the evidence show[s] no more force than the mere physical effort of taking the

11

pocketbook from [the victim's] person and transferring it to [the defendant]." Id. at 214 (alterations in original) (quoting People v. Taylor, 129 Ill. 2d 80, 84 (1989)). However, "pushing" a victim can constitute use of force. State v. Williams, 289 N.J. Super. 611, 617 (App. Div. 1996).

Here, defendant claimed the State failed to present sufficient evidence to show that during the theft at Dunkin' Donuts, he used force. In the grand jury proceeding, the State presented testimony from Detective Angel Perez of the Newark Police Department. Perez stated that on November 7, 2009, an employee of a Dunkin' Donuts shop reported that a male, who was later identified as defendant, entered the shop and took money from the register.

Perez noted that he had reviewed a surveillance video of the incident. He stated that defendant placed an order and gave money to the employee. When the worker opened the cash register, defendant jumped over the counter and grabbed money from the register.

The PCR judge found defendant had not shown that his attorney erred by failing to seek dismissal of the indictment. The judge stated that defendant had not shown the motion would have been granted. The PCR judge noted that a defendant who challenges an indictment has the burden of demonstrating that there is insufficient evidence to support the charge.

12

The PCR judge stated that based on the evidence presented, the grand jury could reasonably have inferred defendant pushed the cashier aside in order to grab the money from the cash register. The judge pointed out that when defendant provided a factual basis for his plea, he admitted that, after he took the money, "a struggle ensued and [he] fled." Defendant had stated he "push[ed] the clerk out of the way during the course of that struggle . . . ."

The judge also found defendant failed to show there was a reasonable probability the result of the proceeding would have been different if his attorney had moved to dismiss the indictment. The judge noted the State could have again presented the matter to the grand jury and there was no reason to believe the State could not have been able to establish a prima facie case of robbery at the Dunkin' Donuts shop.

The judge observed that the State had a video recording of the incident and defendant had admitted when he pled guilty that he shoved the cashier. The judge found this evidence would have been sufficient to establish the element of force required to charge second-degree robbery under N.J.S.A. 2C:15-1(a). The judge also observed that dismissal of the charge regarding the robbery at the Dunkin' Donuts shop would not have affected the plea offer regarding the robbery at McDonald's.

13

We are convinced there is sufficient credible evidence in the record to support the judge's findings of fact. The record supports the PCR court's determination that defendant failed to show he was denied the effective assistance of counsel because his attorney did not seek to dismiss the indictment.

C. Investigation of Other Witnesses.

Defendant argues the PCR court erred by failing to conduct an evidentiary hearing on his claim that his attorney was deficient because she failed to investigate two workers who were in the Dunkin' Donuts shop during the robbery. He claims these workers would have supported his defense if they had been called as witnesses.

The PCR court did not err by refusing to conduct an evidentiary hearing on this claim. An evidentiary hearing is required on a PCR petition only if the defendant presents a prima facie case in support of PCR, the court determines there are material issues of disputed fact that cannot be resolved based on the existing record, and the court determines that an evidentiary hearing is necessary to resolve the claims for relief. R. 3:22-10(b).

Here, defendant alleged the Dunkin' Donuts workers would not have been able to identify him as the perpetrator of the robbery. However, "[i]n order to establish a prima facie claim, a [defendant] must do more than make bald

assertions that he was denied the effective assistance of counsel." State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). When a defendant claims his attorney failed to adequately investigate the case, "he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. (quoting Cummings, 321 N.J. Super. at 170).

Here, defendant did not present affidavits or certifications from the Dunkin' Donuts workers, setting forth facts an investigation would have revealed. Thus, the PCR court did not err by finding that defendant did not establish a prima facie case of ineffective assistance of counsel with regard to the alleged failure to investigate these witnesses. The PCR court correctly found that defendant was not entitled to an evidentiary hearing on this claim.

III.

Defendant argues this matter should be remanded to the PCR court because the judge did not make findings of fact or conclusions of law on his motion to withdraw his plea. We disagree.

After a defendant has been sentenced, the court may permit the defendant to withdraw a guilty plea "to correct a manifest injustice." R. 3:21-1. In

determining whether to permit the defendant to withdraw the plea, the court applies the test in State v. Slater, 198 N.J. 145, 150 (2009).  The court should consider: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Ibid.

"No one factor is dispositive, nor must a movant satisfy all four."  State v. O'Donnell, 435 N.J. Super. 351, 369 (App. Div. 2014).   In addition, the "[d]efendant must 'present specific, credible facts and . . . point to facts in the record that buttress [his] claim.'"  State v. McDonald, 211 N.J. 4, 17 (2012) (quoting Slater, 198 N.J. at 158).

Here, defendant has not asserted a colorable claim of innocence.  While he claims he did not commit the robberies at the Dunkin' Donuts and McDonald's, he provided an adequate factual basis showing he committed the offenses when he pled guilty.  There also is sufficient evidence indicating that defendant did, in fact, commit both offenses, which includes the surveillance video of the robbery at Dunkin' Donuts, and his DNA, which was found on an earpiece left on the scene at McDonald's.

16

Moreover, defendant has not provided "fair and just reasons" for withdrawing the plea. Slater, 198 N.J. at 159. The record shows defendant was informed of the material elements of the plea, including his sentencing exposure. He does not claim his reasonable expectations in entering the plea have not been met. Defendant also has not made a "plausible showing" of a valid defense or "credibly demonstrated" why the defense was not raised in a timely manner. Id. at 159-60.

Furthermore, defendant entered his plea pursuant to a plea bargain, and he would reap an "unfair advantage" if permitted to withdraw his plea at this time. Id. at 150. When defendant pled guilty, he admitted to facts showing that he committed the charged offenses, which were committed in December 2009. The State would be unfairly prejudiced if it were required to try the case after this lengthy period of time.

We are therefore convinced that defendant failed to establish he should be permitted to withdraw his plea in order to correct "a manifest injustice." R. 3:21-1. Therefore, we reject defendant's contention that the matter should be remanded to the PCR court for further proceedings on his request to withdraw his plea.

A-2573-17T1

We have considered defendant's other contentions. We conclude these arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION